UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

DAVID GALAZ, )
)
Plaintiff, )
) No.: 4:22-CV-50-DCLC-SKL
v. )
)
WARREN COUNTY, TENNESSEE, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

This prisoner's civil rights action arises out of Plaintiff's incarceration at the Warren County Jail, where Defendant allegedly failed to provide Plaintiff adequate medical treatment in violation of his Eighth Amendment rights and State law [Doc. 1]. Before the Court is Defendant Warren County's motion to dismiss Plaintiff's claims against it [Doc. 10], and Plaintiff's response thereto [Doc. 14]. For the reasons set forth below, Defendant's motion [Doc. 10] will be **DENIED**.

### I. PLAINTIFF'S ALLEGATIONS

On June 10, 2021, Plaintiff broke his arm and wrist while playing football on a concrete field at the Warren County Jail [Doc. 1 ¶ 4]. X-rays taken the same day showed multiple fractures, and Plaintiff received a consultation with an orthopedic surgeon who performed surgery on Plaintiff on June 21, 2021 [Id. ¶ 5].

At Plaintiff's follow-up appointment on July 28, 2021, the orthopedic surgeon did not observe any complications concerning Plaintiff's arm but ordered Plaintiff to receive twice-weekly physical therapy for six weeks to let the wrist heal correctly [Id. ¶¶ 6-8]. However, because Defendant Warren County allegedly has a policy of refusing to carry out medical treatment for

non-emergencies, Plaintiff never received physical therapy for his wrist, despite the awareness of jail medical professionals that this treatment had been ordered [*Id.* ¶¶ 9-11, 14].

Plaintiff's "wrist now has largely fused together, and it has minimal range of motion" [*Id.* ¶ 15]. In addition to the pain and suffering caused by Defendant's allegedly defective response to Plaintiff's condition, Plaintiff also alleges emotional stress, loss of enjoyment of life, long-term or permanent disability, and loss of future earning potential as a manual laborer [*Id.* ¶¶ 16, 17].

## II. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint fails to state a plausible claim for relief when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. In considering a motion to dismiss, a court must take all factual allegations in the complaint as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

## III. ANALYSIS

Defendant Warren County argues that Plaintiff's Complaint fails to state a claim upon which relief may be granted because (1) it is barred by the applicable statute of limitations for civil rights actions under 42 U.S.C. § 1983 and otherwise fails to implicate a serious medical need, and (2) Plaintiff has failed to satisfy the requirements of the Tennessee Health Care Liability Act ("THCLA") to state a cognizable claim of health care liability [*See, generally*, Doc. 11].

### A. 42 U.S.C. § 1983

Plaintiff's first cause of action is a violation of his Eighth Amendment right to medical care by the County's alleged deliberate indifference to an orthopedic specialist's July 28, 2021, order that Plaintiff receive six weeks of physical therapy [Doc. 1 ¶¶ 8-9, 22].

### 1. Statute of Limitations

The County argues that Plaintiff's Complaint, filed October 10, 2022, is barred by Tennessee's one-year statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). Federal law governs when the statute begins to run. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues when the injury forming the basis of the claim is discoverable, s*ee Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete, *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action").

The parties generally agree that Plaintiff's claim accrued, at the latest, on September 8, 2021, when the six-week period of prescribed physical therapy passed [Doc. 11 p. 4; Doc. 14 p. 3]. Therefore, the County argues, Plaintiff must have initiated his lawsuit by September 9, 2022, for it to be timely. However, it appears that Plaintiff extended the limitations period by 120 days by providing pre-suit notice of the lawsuit under Tenn. Code Ann. § 29-26-121 [Doc. 1 p. 7-9]. *See* Tenn. Code Ann. § 29-26-121(c) ("When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider.").

The County argues that the 120-day extension is inapplicable because Plaintiff failed to file a certificate of good faith in accordance with Tenn. Code Ann. § 29-26-122 [Doc. 14 p. 6].

3

However, the statute does not make the extension contingent upon the filing of a certificate of good faith, but rather, only upon the filing of pre-suit notice. Plaintiff provided pre-suit notice in this case. Moreover, as Plaintiff notes, the statute expressly states that the 120 days extension can apply even where no health care liability claim is filed at all, and in such cases, no certificate of good faith would be filed. *See* Tenn. Code Ann. § 29-26-121(e) ("In the event that a complaint is filed in good faith reliance on the extension of the statute of limitations or repose granted by this section and it is later determined that the claim is not a health care liability claim, the extension of the statute of limitations and repose granted by this section is still available to the plaintiff.").

Therefore, it appears that Plaintiff's lawsuit was filed within the applicable limitations period, and the County is not entitled to dismissal on this ground. *See Ireland v. Fleser*, No. 3:20-cv-52, 2022 WL 1415924, at *3-4 (M.D. Tenn. May 4, 2022) (applying Tennessee's extension provision in § 29-26-121 in federal court under *Erie*[1] doctrine).

### 2. Serious Medical Need

The County also argues that Plaintiff's Complaint demonstrates that Plaintiff received adequate medical care, including diagnostic imaging, surgery by an orthopedic specialist, and follow up care [Doc. 11 p. 5]. It also maintains that Plaintiff has not alleged that he requested physical therapy or expressed to staff that he was suffering from pain, and that the Complaint fails to mention whether Plaintiff conducted any of his own exercises in his cell [*Id.*]. Therefore, the County states that Plaintiff has failed to plead a constitutional violation and state a claim for which § 1983 relief may be granted.

The Eighth Amendment "forbids prison officials from unnecessarily and wantonly

---

[1] Under the *Erie* doctrine, federal courts sitting in diversity apply the substantive law of the state in which it sits. *Phelps v. McClellan*, 30 F.3d 658, 661 (6th Cir. 1994); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

4

inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (internal quotation marks omitted). An Eighth Amendment claim for the denial of adequate medical treatment is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). This subjective state of deliberate indifference requires a plaintiff to show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

However, the fact that a prisoner might disagree with the adequacy of care given does not implicate the Constitution. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1996). This is because "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Id.* Thus, differences in the opinions of inmates and medical personnel regarding the appropriate treatment, even where the prisoner is ultimately misdiagnosed and therefore inadequately treated, is not enough to state a claim of deliberate indifference. *See, e.g., Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997). Accordingly, deliberate indifference requires a mental state amounting to criminal recklessness, and negligence is insufficient. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839-40).

Plaintiff maintains that the County, as a matter of policy of not providing non-emergency medical treatment, intentionally defied the medical judgment of the orthopedic specialist despite

5

knowledge that Plaintiff's wrist would heal incorrectly without the recommended treatment [Doc. 1 ¶¶ 8-11]. The Court finds Plaintiff's allegations sufficient to defeat the County's motion, as Plaintiff has alleged that his doctor said that therapy was necessary for Plaintiff's bones to heal correctly, and that the County knew of Plaintiff's need for treatment and nonetheless consciously defied that medical advice [Doc. 1 ¶¶ 8-11]. *See Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (noting delay or denial of medical treatment for non-medical reasons states case of deliberate indifference). Therefore, the County is not entitled to dismissal on this ground.

### B. Healthcare Liability

Plaintiff's second cause of action is medical malpractice under the THCLA. The County argues that Plaintiff has not complied with the statutory procedures of the THCLA to sustain a healthcare liability action [Doc. 11 p. 6]. Specifically, the County argues that Plaintiff has failed to file a certificate of good faith as required by Tenn. Code Ann. § 29-26-122, which states, in relevant part, as follows:

> In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause.

*Id*.

However, the Sixth Circuit has now ruled that obedience to the enhanced, state-law pleading procedures for medical malpractice is not required in federal court. *Albright v. Christensen*, 24 F.4th 1039 (6th Cir. 2022) (addressing Michigan's procedures); *Smith v. CoreCivic, Inc.*, 3:20-cv-563, 2022 WL 3051226, at *7 (M.D. Tenn. Aug. 2, 2022) (applying *Albright* to Tennessee's laws and concluding certificate of good faith not required in federal court). Therefore, the Court finds the County is not entitled to be dismissed from Plaintiff's State law

6

claim for medical malpractice due to Plaintiff's failure to file a certificate of good faith.

## IV. CONCLUSION

For the reasons set forth above, the County's motion to dismiss [Doc. 10] is **DENIED**.

**SO ORDERED.**

**ENTER:**

                                              s/Clifton L. Corker
                                              United States District Judge